## American Fast Foods, Inc. Appeal

*James L. Hollinger,* for appellant.

*Lawrence E. Wood,* for appellee.

KURTZ, J., July 22, 1970.—Section 301 of the West Goshen Township Zoning Ordinance provides:

"In any C-1 Commercial District, the following regulations shall apply:

"301.1 *Use Regulations.* A building may be erected, altered, or used, and a lot or premises may be used for any of the following purposes and for no others:

" . . .

"3. Eating establishments with inside service and seating only . . ."

By this appeal from the adverse ruling of the zoning hearing board, American Fast Foods, Inc., seeks

permission to build and operate a restaurant in the northeast corner of Wilmington Pike and Rhodes Avenue in a C-1 commercial district in said township.

In its proposal, Fast Foods indicates that the building it will erect will be provided with inside seating consisting of 12 tables at which 48 people may be seated. In addition, it is indicated that service will be provided from a counter, that food will be sold to be taken out, that all service and seating will be on the inside, and that signs will be posted prohibiting the consumption of food outside the building. The plan of the establishment which Fast Foods put into evidence also shows parking spaces for 36 automobiles on the lot in question.

In its opinion refusing the application, the zoning board said, "The appellant proposes to erect a 'Gino' type restaurant on the property in question and would have:

". . .

"e. A high volume take-out food business which could, and would, be consumed by persons seated in cars in the proposed parking lot."

This case calls for a construction of that portion of the zoning ordinance quoted above. In so doing, we must adhere to the doctrine of strict construction in favor of the property owner even though that doctrine is no longer the law which pertains to the construction of zoning enabling acts promulgated by the legislature: Exton Quarries, Inc. v. Zoning Board of Adjustment, 425 Pa. 43, 49 (1967). Strict construction in this case requires that we view the ordinance most liberally from the point of view of the applicant and that we ascribe no meaning to its words which is not clearly conveyed by the language employed.

This ordinance authorizes the operation of eating establishments with inside service and inside seating. By very clear implication, it prohibits such establish-

ments with outside service and/or outside seating. Patrons seeking the service which Fast Foods offers will be required to enter the building to obtain that service. The only seating which Fast Foods will provide is that which is located at the tables on the inside of the building.

The township has not said in its ordinance that a carry-out restaurant may not be conducted in a C-1 commercial district. A prohibition against that type of activity may not properly be inferred from the language there employed. The township has not said in any of its legislative enactments of which we have knowledge that persons within its borders may not eat food while sitting in automobiles. That meaning may not be ascribed to the words used in this zoning enactment.

What the township has said is that restaurants selling food inside a building may operate in this class of district if they provide seating inside of that building. Since that language is broad enough to include a restaurant where food is sold for consumption some place else, it follows that those who come to buy that food must have some place where they may park their automobiles while buying. It is space for this parking which appellant is here providing. It is not providing seating for those who remain in their cars while they eat the food they have just purchased. Indeed, appellant will inform its patrons that the consumption of food in automobiles on the premises is prohibited.

The township argues that the provision in question is directed against the operation of a "Gino" type of establishment, and that such an establishment creates undesirable side effects which should not be permitted within the township. We do not know whether a Gino establishment is good or bad from the township's point of view. If it encourages activity which conflicts

with the public interest, the prohibition of the undesirable activity would seem to be the appropriate method of overcoming its undesirable effect. That result cannot be obtained by attempting to read a meaning into the language of the zoning ordinance which that language does not justify.

## CONCLUSIONS OF LAW

1. The Zoning Hearing Board of West Goshen Township was guilty of an error of law in refusing to grant a permit to American Fast Foods, Inc., to build the restaurant it proposes to build on the land situate on the northeast corner of Wilmington Pike and Rhodes Avenue in that township.

2. The decision of that board refusing that permit should be reversed.

## ORDER

And now, July 22, 1970, the decision of the Zoning Hearing Board of West Goshen Township entered on the application of American Fast Foods, Inc., on January 9, 1970, is reversed.